UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIFAH MUHAMMADU AL-FUDUYI,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA CITY FACILITY, et al.,<br><br>Defendants. | CASE NO. 1:17-cv-01469-MJS (PC)<br><br>**ORDER FINDING NO COGNIZABLE CLAIMS AND REQUIRING PLAINTIFF TO AMEND OR RESPOND**<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff is a former prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.

Plaintiff's complaint (ECF No.1) is before the Court for screening.

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from

such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiffs must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 677-78.

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

Under section 1983 the plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to

2

have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III. Plaintiff's Allegations

Plaintiff is currently detained at the California City Facility ("CCF") and complains of acts that occurred there. He names as Defendants (1) California City Facility, (2) M. Voong, Office of Appeals in Sacramento, (3) J. Benavidez, Appeals Examiner, (4) A. King, Community Resource Manager at CCF, (5) L. DiLeo M.D., Doctor at CCF, (6) J. Lewis, Deputy Director of Health Service in Elk Grove, (7) David Long, Warden at CCF, (8) Richard Anti, Chief Deputy Warden at CCF, and (9) A. Swaby D.O., Chief Physician and Surgeon at CCF.

Plaintiff's allegations raise issues of access to religious services and healthcare at CCF and can be fairly summarized as follows:

#### A. Religious Freedom

Plaintiff is a Muslim and has been denied religious services while incarcerated at CCF which offers only Christian and Catholic services. On July 7, 2014, Plaintiff filed a group appeal to request Muslim services. In 2014, another Muslim inmate's wife brought a DVD player to allow Muslim inmates to watch Islamic videos. The DVD player was accepted by Defendant King, who would not allow Islamic videos to be shown, but did allow the DVD player to be used by other religious groups. Plaintiff issued several grievances. The last appeal was June 30, 2017.

On May 4, 2015, Plaintiff wrote to Defendants Long and Anti about religious services on Fridays. Defendant Long advised Plaintiff that she talked to Defendants Benavidez and Voong and was told that the time for the services did not have to be moved.

3

On June 29, 2015, Plaintiff requested Muslim religious books from Defendant King. Plaintiff made this request many times, but never received any books. Defendant King told non-party Gym Coach Smith to throw away books. Defendants Anti and Benavidez were aware of the issue.

On January 31, 2017, non-party Principal Helslip told Plaintiff that she was advised by the "A/W"[1] Warden that Muslims were not allowed to pray during school hours. Plaintiff was told that he if prayed he could no longer be in Cerro Coso College.

### 2. Health Care

Plaintiff saw Defendant DiLeo many times for numbness in his left foot and requested about x-rays and an MRI. Plaintiff wrote a grievance on July 19, 2016. This appeal was denied by Defendant Lewis on the grounds that the services were not necessary.

On August 15, 2016, Defendant Swaby denied Plaintiff's request for an MRI and did not look further into the issue.

Defendants Long and Anti were aware of all issues and did nothing to stop them.

Plaintiff brings claims under the First, Fifth and Fourteenth Amendments; and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Plaintiff requests declaratory relief, injunctive relief[2], and damages.

## IV. Analysis

### B. Section 1983 Claims

#### 1. Official Capacity

Plaintiff brings claims against each Defendant in his or her official capacity and also makes claims against CCF.

Plaintiff's official capacity claims for damages against individual Defendants and CCF are barred by the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159,

---

[1] It is clear what these initials stand for, but likely refer to Defendant Anti, Assistant Warden of CCF.
[2] Plaintiff indicates that he seeks injunctive relief, but the complaint does not clarify what form of relief he seeks.

4

169-70 (1985) (Eleventh Amendment immunity from damages in federal court action against state remains in effect when state officials are sued for damages in their official capacity). Plaintiff's damages claims against Defendants in their official capacities are not cognizable.

Although Eleventh Amendment immunity precludes an award of damages against Defendants, it "does not bar actions for declaratory or injunctive relief brought against state officials in their official capacity." Austin v. State Indus. Ins. Sys., 939 F.2d 676, 680 (9th Cir. 1991). If Plaintiff proceeds on an official capacity claim it could only be for the injunctive relief in relation to his health care.

Lastly, official capacity claims must allege that a policy or custom of the governmental entity of which the official is an agent was the moving force behind the violation. See Hafer v. Melo, 502 U.S. 21, 25 (1991); Kentucky v. Graham, 473 U.S. 159, 166 (1985). Plaintiff must establish an affirmative causal link between the policy at issue and the alleged constitutional violation. See City of Canton, Ohio v. Harris, 489 U.S. 378, 385, 391-92 (1989); Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996); Oviatt v. Pearce, 954 F.2d 1470, 1473-74 (9th Cir. 1992). Here, Plaintiff identifies no policy or custom associated with the violation.

Accordingly, Plaintiff's official capacity claims and claims against CCF are not cognizable as pled. Plaintiff will be given leave to amend.

**B.     Unrelated Claims**

Plaintiff brings claims arising from different events relating to different matters.

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2);

Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980).

The instances referenced by Plaintiff do not arise from the same or even related transactions. Most relate to religious liberty issues, but some arise out of health care at CCF. The two categories of claims do not arise from the same occurrence or present common questions of law or fact. Plaintiff will be allowed an opportunity to amend and pursue here whichever of the two claims he wishes; he may then bring a separate action asserting the other calm..

The Court it will set forth below the relevant legal standards for the types of claims Plaintiff appears to assert.

**C.    Section 1983 Claims**

    **1.    Religious Freedom**

        **a.    First Amendment**

Plaintiff seeks to bring First Amendment religious freedom claims.

"Inmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (citations omitted). In order to establish a cause of action under the Free Exercise Clause, Plaintiff must show that a restriction substantially burdened the practice of his religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008).  Furthermore, the Supreme Court has held that generally-applicable laws that incidentally burden a particular religion's practices do not violate the First Amendment. Employment Division v. Smith, 494 U.S. 872, 878 (1990).

Additionally, Plaintiff must show that the restriction is not required to maintain institutional security and preserve internal order and discipline. See Pierce v. Cnty. of Orange, 526 F.3d 1190, 1209 (9th Cir. 2008). Restrictions on access to "religious opportunities" must be found reasonable in light of four factors: (1) whether there is a

"valid, rational connection" between the regulation and a legitimate government interest put forward to justify it; (2) "whether there are alternative means of exercising the right" that remain open to Plaintiff; (3) whether accommodation of the asserted constitutional right would have a significant impact on staff and other detainees; and (4) whether ready alternatives are absent (bearing on the reasonableness of the regulation). Turner v. Safley, 482 U.S. 78, 89-90 (1987); see also Beard v. Banks, 548 U.S. 521 (2006); Mauro v. Arpaio, 188 F.3d 1054, 1058-59 (9th Cir. 1999) (en banc). Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008). Prisoners are not required to "objectively show that a central tenet of [their] faith is burdened" in order to raise a viable free exercise claim. Id. at 884.

### b. Fourteenth Amendment

Plaintiff states that he would like to bring Fourteenth Amendment claims in relation to his religious rights, presumably for violations of the Equal Protection clause.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008). To allege a religious discrimination claim, Plaintiff must allege facts sufficient to show that prison officials intentionally discriminated against him on the basis of his religion by failing to provide him a reasonable opportunity to pursue his faith compared to other similarly situated religious groups. Cruz v. Beto, 405 U.S. 319, 321-22 (1972) (per curiam).

### 2. Health Care

#### a. Eight Amendment

The Eighth Amendment's Cruel and Unusual Punishments Clause prohibits deliberate indifference to the serious medical needs of prisoners. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). A claim of medical indifference requires (1) a serious medical need, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Where a prisoner alleges deliberate indifference based on a delay in medical treatment, the prisoner must show that the delay led to further injury. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); McGuckin, 974 F.2d at 1060a; Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam). Delay which does not cause harm is insufficient to state a claim of deliberate medical indifference. Shapley, 766 F.2d at 407 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (brackets omitted) (quoting Gibson, 290 F.3d at 1188). Mere indifference, negligence, or medical malpractice is not sufficient to support the claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 87, 105-06 (1976)). A prisoner can establish deliberate indifference by showing that officials intentionally interfered with his medical treatment for reasons

unrelated to the prisoner's medical needs. See Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir. 1992); Estelle, 429 U.S. at 105.

### b. Fourteenth Amendment

Plaintiff states his intent to bring a claim under the Fourteenth Amendment in relation to his healthcare. However, the nature of this claim is unclear. As stated, the only allegation is that Plaintiff did not receive adequate health care. This claim would appear to be cognizable, if at all, under the Eighth Amendment, not the Fourteenth Amendment. Those standards are noted above.

### 3. Fifth Amendment

Plaintiff states that he wishes to bring claims under the Fifth Amendment.

"[T]he Fifth Amendment's due process clause applies only to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008). Plaintiff's complaint does not state a Fifth Amendment due process claim.

### D. RLUIPA

RLUIPA provides that "no government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability," unless the government demonstrates that the burden furthers "a compelling governmental interest," and does so by the "least restrictive means." 42 U.S.C. § 2000cc-1(a)(1)-(2); Holt v. Hobbs, 135 S. Ct. 853, 860 (2015); Greene v. Solano Cty. Jail, 513 F.3d 982, 986 (9th Cir. 2008). "Religious exercise" includes "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc–5(7)(A). A "substantial burden" is one that imposes a significantly great restriction or onus on religious exercise. San Jose Christian College v. City of Morgan Hill, 360 F.3d 1024, 1034–35 (9th Cir.2004).

Plaintiff bears the initial burden of demonstrating that Defendants substantially burdened the exercise of his religious beliefs. Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005). A "substantial burden" is one that is "oppressive to a significantly

great extent." Id. at 995. It "must impose a significantly great restriction or onus upon [religious] exercise." Id. A substantial burden is presumed when a policy forces an inmate to choose between "serious disciplinary action" and "engag[ing] in conduct that seriously violates his beliefs." Holt, 135 S.Ct. at 862; accord Warsoldier, 418 F.3d at 996. An "outright ban on a particular religious exercise" also generally constitutes a substantial burden on that religious exercise. Greene, 513 F.3d at 988.

Additionally, RLUIPA only authorizes official capacity suits against government employees for prospective, injunctive relief. Sossamon v. Texas, 131 S. Ct. 1651, 1660 (2011); Wood v. Yordy, 753 F.3d 899, 902-04 (9th Cir. 2014).

## VI. Conclusion and Order

Plaintiff's complaint fails to state a claim on which relief may be granted. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff does not wish to amend, he may instead file a notice of voluntary dismissal, and the action then will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). Alternatively, Plaintiff may forego amendment and notify the Court that he wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). If the last option is chosen, the undersigned will issue findings and recommendations to dismiss the complaint without leave to amend, Plaintiff will have an opportunity to object, and the matter will be decided by a District Judge. No further opportunity to amend will be given by the undersigned.

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff should note that although he has been granted the opportunity to amend his complaint, it is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff

should carefully review this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves a function in the case. Id. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly titled, in bold font, "First Amended Complaint," reference the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff must file either a first amended complaint curing the deficiencies identified by the Court in this order, a notice of voluntary dismissal, or a notice of election to stand on the complaint; and
2. If Plaintiff fails to file a first amended complaint or notice of voluntary dismissal, the Court will recommend the action be dismissed, with prejudice, for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   January 22, 2018              /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE

11