1
2
3
4
5
6
7

8                  UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11   KIFAH MUHAMMADU AL-FUDUYI,          CASE No. 1:17-cv-01469-MJS (PC)

12                  Plaintiff,           **ORDER DIRECTING CLERK'S OFFICE
                                         TO ASSIGN MATTER TO A DISTRICT**
13        v.                             **JUDGE**

14   CALIFORNIA CITY FACILITY, et al.,   **FINDINGS AND RECOMMENDATION TO
                                         DISMISS ACTION FOR FAILURE TO**
15                  Defendants.          **STATE A CLAIM, FAILURE TO OBEY
                                         COURT ORDER AND FAILURE TO**
16                                       **PROSECUTE**

17
                                         (ECF No. 14, 16)
18
                                         **FOURTEEN (14) DAY OBJECTION
19                                       DEADLINE**

20

21        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil

22   rights action brought pursuant to 42 U.S.C. § 1983.

23        On January 22, 2018, the Court screened Plaintiff's complaint, concluded it stated

24   no cognizable claims, and ordered Plaintiff to either file an amended complaint or a

25   notice of voluntary dismissal, or to notify the Court that he wished to stand on his

26   complaint as written. (ECF No. 14.) The thirty day response deadline passed without any

27   response from Plaintiff. Accordingly, the undersigned ordered Plaintiff to show cause

28   why the action should not be dismissed for failure to state a claim, failure to obey a court,

1  and failure to prosecute. (ECF No. 16.) Plaintiff did not respond and the time for doing so
2  has passed.

3  Local Rule 110 provides that "failure of counsel or of a party to comply with these
4  Rules or with any order of the Court may be grounds for imposition by the Court of any
5  and all sanctions . . . within the inherent power of the Court." District courts have the
6  inherent power to control their dockets and "in the exercise of that power, they may
7  impose sanctions including, where appropriate . . . dismissal of a case." Thompson v.
8  Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based
9  on a party's failure to prosecute, failure to obey a court order, or failure to comply with
10 local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for
11 noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.
12 1992) (dismissal for failure to comply with an order requiring amendment of a complaint);
13 Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply
14 with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v.
15 U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply
16 with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)
17 (dismissal for lack of prosecution and failure to comply with local rules).

18 In determining whether to dismiss an action for lack of prosecution, failure to obey
19 a court order, or failure to comply with local rules, the Court must consider several
20 factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need
21 to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy
22 favoring disposition of cases on their merits, and (5) the availability of less drastic
23 alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833
24 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

25 In the instant case, the public's interest in expeditiously resolving this litigation
26 and the Court's interest in managing its docket weigh in favor of dismissal. The third
27 factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a
28 presumption of injury arises from the occurrence of unreasonable delay in prosecuting

this action. <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use.

Based on the foregoing, it is HEREBY RECOMMENDED that the action be dismissed, for failure to state a claim, failure to obey a court order, and failure to prosecute.

These Findings and Recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    April 6, 2018          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

3